No. 9591. STATE OF MONTANA, Plaintiff and Respond-
ent, v. ANTONIO GASCAR, Defendant and Appellant.

298 Pac. (2d) 1097.

Decided June 25, 1956.

John C. Dillavou and John A. Hauf, Billings, for Appellant.
Arnold H. Olsen, Atty. Gen., Hubert J. Massman, Asst. Atty.
Gen., Helena, John J. Cavan, Jr., Co. Atty., Billings, for Respondent.

Per Curiam.

On August 12, 1955, there was filed in the office of the clerk of this Court, certified copies of certain documents in District Court Criminal Cause No. 5226, entitled The State of Montana, Plaintiff, v. Antonio Gascar, Defendant, which was filed and tried in the District Court of the Thirteenth Judicial District of the State of Montana, in and for the County of Yellowstone. Among the documents so certified were: A copy of judgment of conviction of the defendant Antonio Gascar of the crime of grand larceny and decreeing that he be punished by imprisonment at hard labor in the State Prison of the State of Montana for a term of five years; a notice of appeal from such judgment served and filed June 3, 1955, whereon the law firm of Dillavou and Hauf appear as counsel for the defendant Gascar and also certain orders and an affidavit in support of defendant's application for an order for additional time for the preparing, serving and filing of the defendant's bill of exceptions and record on appeal to this Court.

On application of John A. Hauf, Esq., of counsel for the defendant and appellant Antonio Gascar, supported by the aforesaid duly certified documents, time for filing said appellant's transcript on appeal was by this court extended to November 11, 1955.

Although the time allowed therefor has long since expired no transcript on appeal and no briefs on appeal have been filed in this court to the date of this order of dismissal.

On January 5, 1956 the clerk of this Court received a letter from appellant's counsel of record herein advising that on October 23, 1954 said counsel had received a letter from the defend-

ant and appellant, Antonio Gascar wherein he discharged his said attorneys of record and wherein he advised his said counsel that he would seek other counsel and that by reason of such letter from their client Gascar said attorneys of record took no further action to perfect the appeal on behalf of the defendant and appellant Gascar, whom his said counsel were informed was then being held in jail or prison in the State of Texas on a federal charge.

On June 12, 1956 the clerk of this Court received from appellant's said counsel of record another communication advising that since October 23, 1955 said counsel had not represented the appellant Antonio Gascar and that said counsel had discontinued any efforts in appellant's behalf.

Notwithstanding the failure and omission to file any transcript on appeal or briefs on behalf of the appellant Gascar his appeal was regularly set on the trial calendar for hearing before this court at 9:30 o'clock on June 21, 1956 at which time the State was represented by the attorney general and the appellant Antonio Gascar was neither present in person nor by counsel whereupon the attorney general having moved for the dismissal of the appeal for failure of appellant to file either a transcript on appeal or briefs on appeal and the time for so doing having long since expired;

Now, therefore, it is ordered that the attorney general's motion be and it is granted and that this appeal be and it is dismissed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON, DAVIS, and BOTTOMLY, concur.